UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PRINCE GRANTLEY,

        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK POLICE DEPT., NYPD OFFICERS POLICE OFFICERS JOSEPH SANS, POLICE OFFICER ANDERSON, DETECTIVE PATRICE WALLACE, DETECTIVE STAFFU, DETECTIVE CURRAN, DETECTIVE CONOVER, DETECTIVE GILKES, LIEUTENANT SCARPA JAMES, JOHN DOE # "UNDERCOVER 24245 AND UNDERCOVER 597" INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

        Defendants.

**COMPLAINT**

**JURY DEMAND**

12 CV 8294

    Plaintiff PRINCE GRANTLEY, by and through his attorney, WILLIAM T. MARTIN, Esq., complaining of the defendant herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    This is an action to recover money damages arising out of the defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C §1983, 1985, 1986, and 1988 and of rights secured by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff GRANTLEY PRINCE is a black male. Plaintiff is a legal resident of the United States of America. Plaintiff was deprived of his constitutional and common law rights when the defendants NYPD POLICE OFFICERS JOHN DOE # "2425", JOHN DOE # "597", NYPD POLICE OFFICER JOSEPH SANS, NYPD DETECTIVE WALLACE, , NYPD DETECTIVE CONOVER, NYPD DETECTIVE STAFFU, NYPD DETECTIVE CURRAN, NYPD DETECTIVE CURRAN, NYPD DETECTIVE GILKES AND NYPD LIEUTENANT JAMES SCARPA (hereinafter referred to as NYPD P.O. Defendants) falsely accused plaintiff of crimes that he did not commit, inflicting psychological distress, and causing plaintiff to lose his liberty.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act; 42 U.S.C §1983, 1985, 1986, and 1988, and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1334 and the aforementioned statutory and constitutional provisions.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C §1367, over any and all State law claims and causes of action, which derived from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff GRANTLEY PRINCE, (hereinafter PRINCE) is a resident of Brooklyn County, in the City and State of New York.

5. At all times relevant herein, individual NYPD POLICE OFFICERS JOHN DOE # "2425", JOHN DOE # "597", NYPD POLICE OFFICER JOSEPH SANS, NYPD DETECTIVE WALLACE, , NYPD DETECTIVE CONOVER, NYPD DETECTIVE STAFFU, NYPD DETECTIVE CURRAN, NYPD DETECTIVE CURRAN, NYPD DETECTIVE, AND NYPD LIEUTENANT JAMES SCARPA were police officers of the NYPD. At all times relevant herein, they were acting in the capacity of agents, servants and employees of The New York City Police Department and Defendant CITY.

6. Defendant NEW YORK POLICE DEPARTMENT (hereinafter NYPD) is a law enforcement agency of the laws of the defendant City and State of New York, and operating a police force.

7. Defendant CITY is a municipality created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which is an agency thereof and in part acts as its agent in the area of law enforcement through NYPD

## STATEMENT OF FACTS

8. Upon information and belief, on or about January 3, 2008, at approximately 3:45p, in the vicinity of East 169th street and Franklin Ave, Plaintiff PRINCE was lawfully travelling on a public sidewalk, when he was approached by NYPD officers.

9. That without probable cause the P.O. DEFENDANTS apprehended plaintiff; thereafter plaintiff was searched without permission, authority or a warrant.

10. Plaintiff PRINCE indicated to the P.O. DEFENDANTS that he had done nothing wrong, when they apprehended him and began to vigorously interrogate the plaintiff publically.

11. During their search, the officers did not recover any contraband, but the officers continued their interrogation and arrested him without probable cause and without being told what he was being charged with by P.O. DEFENDANTS.

12. Plaintiff was charged with Criminal Sale of a Controlled Substance in or Near School Grounds and Criminal Sale of a Controlled Substance in the Third Degree.

13. During Grand Jury Proceeding, P.O. JOHN DOE "597" testified that he observed Plaintiff PRINCE receive pre-recorded "buy money" during a narcotics operation.

14. During trial, P.O JOHN DOE "597" was unable to identify Plaintiff PRINCE as the person he observed on January 3, 2008 receive "buy money" during a narcotics operation on January 3, 2008.

15. Plaintiff PRINCE spent approximately 2 years in jail as a result of the charges he was falsely accused of by the defendants. The Plaintiff Prince was acquitted on or about November 17, 2009, the case was discharged and sealed by the Judge.

16. Upon information and belief, Plaintiff PRINCE remained incarcerated until on or around September 7, 2011 by the U.S. Department of Homeland Security Immigration and Customs Enforcement as a result of the charges he was falsely accused of.

17. As a further result of the incident and the charges he was accused of, plaintiff was caused to lose his full time job, and was subjected to public humiliation by these members of the NYPD, who acted without probable cause or justification.

18. As a result of the *P.O. DEFENDANTS'* conduct, PRINCE suffered a violation of his due process rights and other constitutional rights guaranteed by the State and Federal constitutions, extreme emotional, mental and psychological anguish, including but not limited to loss of appetite, loss of sleep, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities and loss of benefits and/or wages.

19. Plaintiff alleges that NYPD and defendant CITY are liable for the false arrest of plaintiff due to the failure to hire rational, intelligent, and competent employees and to afford them with adequate training.

20. The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants' under color of law. The *NYPD* and the defendant *CITY* have tolerated and permitted a pattern of illegal action against citizens, and have failed to maintain an unbiased system for review and discipline of these of violations by police officers, and as a result, an atmosphere of indifference to said constitutional violations by New York city police officers has been countenanced and fostered the belief by New York City police officers that they can violated the rights of African-American males and or minority citizens, like plaintiff PRINCE without meaningful consequences and impunity.

21. Further, PRINCE did not commit a criminal act, and was illegally searched, falsely accused, arrested and maliciously prosecuted.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

22. Plaintiff PRINCE repeats, reiterates and alleges each and every allegation contained in paragraphs marked "1" through "21" with the same force and effect as if more fully set forth at length herein.

23. On or about January 3, 2008, the *P.O DEFENDANTS* committed an illegal search and seizure, and falsely arrested plaintiff without probable cause all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 and in addition they falsified and filed a criminal complaint against plaintiff PRINCE.

24. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the *P.O. DEFENDANTS*, which were all committed under color of their authority as police officers, and while acting within the color of their authority as police officers, ad while acting within that capacity, plaintiff suffered a deprivation of his liberty, and economical and emotional damages, all of which is in violation of his rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, 1985, 1986 and 1988.

25. As a further result f the above-mentioned unlawful and malicious acts committed by the *P.O. DEFENDANTS*, plaintiff was deprived of his rights and immunities secured by the U.S. Constitution and laws of the State of New York including, but not limited to, his rights to be secure in his home and person; to be free from unreasonable search and seizure and punishment without due process, and equal protection to the laws.

26. That by reason of the forgoing, plaintiff suffered physical and emotional injuries all to his damage in the sum of Five Million Dollars ($5,000,000.00).

### SECOND CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

27. Plaintiff PRINCE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "26" with the same force and effect as if more fully set forth at length herein.

28. Defendants, NYPD, CITY and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the *P.O. DEFENDANTS*, who were unfit for the performance of police duties on January 3, 2008

and who also prepared and filed false accusatory documents to cover their illegal conduct at the above mentioned location.

29. The failure of the defendant CITY and NYPD to hire, retain, train, supervise, discipline, discharge or in any other way adequately control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of the NYPD is evidence of the reckless disregard for the rights of the public, including plaintiff PRINCE, and exhibited a lack of guidance and direction which prudent and reasonable individuals would display in employing persons to work for the NYPD.

30. Further the defendant CITY and NYPD countenance, condone, ratify and continue the employment of the P.O. DEFENDANTS even though they are made aware of the ultra vires acts of said defendant police officers and such forbearance, without consequences, fosters an atmosphere of lawlessness and implicit acceptance of falsifying accounts of criminality against the citizenry with impunity.

31. Such conduct has been allowed to exist and has created a culture of lawlessness that is carried out willfully, wantonly, maliciously and with reckless disregard for the rights of minorities in general and plaintiff PRINCE'S constitutional rights, specifically.

32. That by reason of the foregoing, plaintiff suffered economic and emotional injuries all to his damage in the sum of Five Million Dollars ($5,000,000.00).

### THIRD CAUSE OF ACTION
### False Imprisonment

33. Plaintiff PRINCE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "32" with the same force and effect as if more fully set forth herein.

34. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

35. The *P.O. DEFENDANTS* created and filed false accusatory documents and intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of such confinement and there was no legal basis and it was not otherwise privileged.

36. The individual *P.O. DEFENDANTS* were ate all time agents, servants, and employees acting within the scope of their employment by Defendants CITY and NYPD and were aware of the fact that it was a crime to prepare and lodge a false accusatory instrument.

37. The plaintiff PRINCE was arrested and jailed for approximately 2 years based on these false charges made against him by the defendants.

38. The plaintiff PRINCE was tried and acquitted of all criminal charges.

39. The case was dismissed and sealed by the Judge Torres in Bronx County on or about November 17, 2009.

40. Upon information and belief, Plaintiff PRINCE remained incarcerated until on or around September 7, 2011 by the U.S. Department of Homeland Security Immigration and Customs Enforcement as a result of the charges he was falsely accused of.

41. That as a result of the forgoing plaintiff PRINCE suffered serious economic and emotional damages in the sum of Five Million Dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION
### False Arrest

42. Plaintiff PRINCE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through 41" with the same force and effect as if more fully set forth herein.

43. That the aforesaid actions of the individual defendants constitute false arrest and/or imprisonment of plaintiff PRINCE in violation of the Constitution and laws of the City and State of New York and United States of America.

44. That *P.O. DEFENDANTS* recklessly, wrongfully, maliciously and without probable cause physically detained plaintiff PRINCE, on or about January 3, 2008, and placed him under arrest.

45. That as a result of the false arrest without probable cause, plaintiff PRINCE was incarcerated for an extended period of approximately 2 years, unjustly.

46. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages in the sum of Five Million Dollars ($5,000,000.00).

### FIFTH CAUSE OF ACTION
### Malicious Prosecution

47. Plaintiff PRINCE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "48" with the same force and effect as if more fully set forth at length herein.

48. That individual defendants P.O. DEFENDANTS brought charges against plaintiff PRINCE that were false, which they know or should have know to be false through the exercise of due diligence.

49. That plaintiff PRINCE faced prosecution on said false allegation, brought by these individual defendants, whom they knew or should have know were false; was subjected to termination from his job, base on the false statements of the individual P.O. DEFENDANTS.

50. That the charges and prosecution of plaintiff PRINCE was reckless, wanton and malicious without any regard to the truth of the allegations, or the conduct of the defendants.

51. Upon information and belief, during trial, P.O JOHN DOE "597" was unable to identify Plaintiff PRINCE as the person he observed on January 3, 2008 receive "buy money" during a narcotics operation on January 3, 2008.

52. That the Plaintiff PRINCE was acquitted on all charges and discharged from the jurisdiction of the New York Supreme Court by Judge Torres, on November 17, 2009.

53. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

54. That by reason of the forgoing, plaintiff suffered serious economic and emotion injuries all to his damage in the sum of Five Million Dollars ($5,000,000.00).

## SIXTH CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

55. Plaintiff PRINCE repeats, reiterates and realleges each allegation contained in paragraphs marked "1" through "56" with the same force and effect as if more fully set forth at length herein.

56. That as an employer of the *P.O. DEFENDANTS* at the times of their negligent conduct as set forth herein, the defendant CITY, is liable to the plaintiff under the laws of the defendant CITY and State of New York, for allowing said individual defendants to act under color of law, and in violation of plaintiff PRINCE's constitutional rights, as members of the NYPD.

57. That the proximate result of the aforesaid acts and omission by the *P.O. DEFENDANTS*, the plaintiff has suffered general, pecuniary and compensatory damages.

58. That by reason of the forgoing, plaintiff suffered serious economical and emotional damages all to his damage in the sum Five Million Dollars ($5,000,000.00)

**WHEREFORE**, Plaintiff PRINCE requests judgment against the individual defendants NYPD POLICE OFFICERS JOHN DOE # "2425" , JOHN DOE # "597", NYPD POLICE OFFICER JOSEPH SANS, NYPD DETECTIVE WALLACE, , NYPD DETECTIVE CONOVER, NYPD DETECTIVE STAFFU, NYPD DETECTIVE CURRAN, NYPD DETECTIVE CURRAN, NYPD DETECTIVE GILKES AND NYPD LIEUTNANT JAMES SCARPA, NEW YORK POLICE DEPT., and defendant CITY OF NEW YORK, as follows:

1. As against the individual Defendant, General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the causes of action herein,

2. As against the individual Defendants NYPD POLICE OFFICERS JOHN DOE # "2425" , JOHN DOE # "597", NYPD POLICE OFFICER JOSEPH SANS, NYPD DETECTIVE WALLACE, , NYPD DETECTIVE CONOVER, NYPD DETECTIVE STAFFU, NYPD DETECTIVE CURRAN, NYPD DETECTIVE CURRAN, NYPD DETECTIVE GILKES AND NYPD LIEUTENANT JAMES SCARPA , punitive

   damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the causes of action herein, and

3. As against Defendant CITY OF NEW YORK, General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the Sixth Cause of action asserted against it, and

4. As against Defendant NEW YORK POLICE DEPT., General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the sixth cause of action asserted against it, and

5. Cost of this action,

6. And such other and further relief as may deem to be just and proper.

Dated: Bronx, New York
November 8, 2012

*William T. Martin* (signature)

William T. Martin, Esq.
945 East 226th Street
Bronx, New York 10466
(347) 843-8655

Sir:

Please take notice that the within is a true copy of duly filed and entered in the office of the Clerk of _____ County, on the _____ day of _____, 2012.

Yours, etc.,

William T. Martin, Esq.
Attorney for
945 East 226th Street
Bronx, New York 10466
Office: (347) 843-8655
Fax: (347) 843-8636

To: _____, Esq.
Attorney for _____

Sir:

Please take notice that the within _____ will be presented for settlement and signature herein to the Hon. _____ one of the Judges of the within Court, at _____ in the Borough of _____ City of New York, on the _____ day of _____ 2012 at _____ am/pm

Dated: New York
_____ 2012.

Yours, etc.,

William T. Martin, ESQ.
Attorney for
945 East 226th Street
Bronx, New York 10466

To: _____, Esq.
Attorney for _____

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.:

PRINCE GRANTLEY,

Plaintiff,

v.

CITY OF NEW YORK, NYPD, NYPD POLICE OFFICERS JOSEPH SANS, P.O. ANDERSON, DET. PATRICE WALLACE, DET. STAFFU, DET. CURRAN, DET. CONOVER, DET. GILKES, LT. SCARPA JAMES, JOHN DOE "UNDERCOVER 24245", AND JOHN DOE UNDERCOVER 597", INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

Defendants

COMPLAINT

William T. Martin, Esq.
945 East 226th Street
Bronx, New York 10466
Tel.: (347) 843-8655