UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 21, 2013
```

-------------------------------------------------------------X
                                                    :
PRINCE GRANTLEY,                                    :
                                                    :
                                Plaintiff,          :          12 Civ. 8294 (KBF)
                -v-                                  :
                                                    :          OPINION & ORDER
                                                    :
CITY OF NEW YORK, et al.,                            :
                                                    :
                                Defendants.         :
-------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On November 14, 2012, plaintiff Prince Grantley filed this action asserting

causes of action under both 42 U.S.C. § 1983 and New York law against the City of

New York, the New York City Police Department ("NYPD"), and a series of NYPD

detectives and officers individually and in their official capacities.[1]  (Compl. ¶ 1,

ECF No. 1.)  Each of plaintiff's claims arise out of his January 3, 2008 arrest on

New York state narcotics charges and subsequent prosecution.

On June 11, 2013, defendants moved to dismiss the complaint for failure to

state a claim upon which relief can be granted under Federal Rule of Civil

Procedure 12(b)(6).  (Motion at 1-2, ECF No. 10.)  Plaintiff opposed the motion on

July 19, 2013, and defendants submitted their reply on July 26, 2013.  (ECF Nos.

13-15.)  For the reasons set forth below, defendants' motion is GRANTED.[2]

---

[1] The Court notes that the complaint was signed by plaintiff's counsel on November 8, 2012.
[2] All claims against the NYPD are also properly dismissed because the NYPD is not a suable agency
of the City of New York.  See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

1

FACTS

On January 3, 2008, at approximately 3:45 p.m., plaintiff alleges that he was walking on the sidewalk in the vicinity of East 169th Street and Franklin Avenue in the Bronx. (Compl. ¶ 8.) Plaintiff alleges that he was approached by NYPD officers and was unlawfully searched, though he alleges the officers did not recover any contraband. (Id. ¶¶ 9, 11.) Plaintiff alleges that he was then arrested and charged with Criminal Sale of a Controlled Substance in or Near School Grounds and Criminal Sale of a Controlled Substance in the Third Degree. (Id. ¶¶ 11-12.)

On January 17, 2008, plaintiff was indicted by a Bronx grand jury and, on January 28, 2008, a criminal complaint was filed against him in New York Supreme Court. (See Stackhouse Decl. Exs. B, C, ECF No. 9.)[3] Plaintiff was then arraigned on this criminal complaint in on February 6, 2008. (See id. Ex. D.)

Plaintiff states that one of the officers who arrested him testified before the grand jury that he observed plaintiff receive pre-recorded buy money during a narcotics operation. (Compl. ¶ 13.) Plaintiff states that, when the same officer who testified before the grand jury testified at his trial in November 2009, the officer was unable to identify plaintiff as the person he observed on January 3, 2008 receive buy money during the narcotics operations. (Id. ¶ 14.) Plaintiff was

---

[3] The Court may consider the documents that defendants submitted as exhibits to the Declaration of Noreen Stackhouse on this Rule 12(b)(6) motion to dismiss because they are public records concerning plaintiff's criminal case. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (citations and internal quotation marks omitted); see also Vasquez v. City of New York, No. 99 Civ. 4606 (DC), 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000) (considering arrest report, complaint, indictment, and acquittal from § 1983 plaintiff's criminal case because they are matters of public record).

2

ultimately acquitted at trial on or about November 17, 2009.  (Id. ¶ 15; Stackhouse
Decl. Ex. C.)

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007)).  This is not a "probability requirement"; the
standard asks for "enough fact to raise a reasonable expectation that discovery will
reveal evidence of [the misconduct]."  Twombly, 550 U.S. at 556.  That is, "[f]actual
allegations must be enough to raise a right to relief above the speculative level."  Id.
at 555.  The Court "must accept all factual allegations in the complaint as true and
draw inferences from those allegations in the light most favorable to the plaintiff."
Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).
Nevertheless, conclusory statements cannot "substitute for minimally sufficient
factual allegations."  Paycom Billing Services v. Mastercard Int'l, Inc., 467 F.3d 283,
289 (2d Cir. 2006) (internal quotation marks omitted); see Amron v. Morgan Stanley
Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that "bald assertions and
conclusions of law will not suffice") (internal quotation marks omitted).

## DISCUSSION

Plaintiff's complaint fails to survive this standard because (1) plaintiff's §
1983 malicious prosecution claim fails to allege any facts to rebut the presumption
of probable cause afforded to his grand jury indictment; (2) plaintiff fails to allege a

sufficient factual basis for his § 1983 municipal liability claim; (3) plaintiff's other §

1983 claims are time barred; and (4) plaintiff's state law claims are barred because

he failed to comply with New York's notice of claim requirement.

    1.  <u>Malicious Prosecution Claim</u>

    Under New York law, a claim for malicious prosecution requires proof of the

following elements: "(1) the initiation or continuation of a criminal proceeding

against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of

probable cause for commencing the proceeding; and (4) actual malice as a

motivation for defendant's actions." <u>Jocks v. Tavernier</u>, 316 F.3d 128, 136 (2d Cir.

2003) (citations and internal quotation marks omitted).  Additionally, in order to

state a claim for malicious prosecution under § 1983, a plaintiff must have suffered

a post-arraignment deprivation of liberty sufficient to implicate his Fourth

Amendment rights.  <u>Id.</u> at 136.

    Grand jury indictments carry a presumption of probable cause that may be

overcome by proof that "the indictment was produced by fraud, perjury, the

suppression of evidence or other police conduct undertaken in bad faith."  <u>Rothstein</u>

<u>v. Carriere</u>, 373 F.3d 275, 282-83 (2d Cir. 2004) (internal quotations omitted).

Plaintiff fails to allege any such facts.[4]  At most, the complaint alleges that one of

the officers, who testified before the grand jury in January 2008 that he saw

---

[4] Plaintiff does, however, attach an excerpt of the grand jury testimony from his case as Exhibit A to
the Declaration of William T. Martin.  (<u>See</u> ECF No. 14-1.)  As defendants point out in their reply,
plaintiff has neither sought nor obtained a court order authorizing the disclosure of this testimony.
<u>See</u> N.Y. Crim. Proc. § 190.25(4)(a) ("Grand jury proceedings are secret, and no grand juror, or other
person . . . may, except in the lawful discharge of his duties  or upon written order of the court,
disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or
other matter attending a grand jury proceeding.").  Accordingly, the Court orders that Exhibit A to
the Martin Declaration be removed from the docket.

4

plaintiff receive pre-recorded buy money during a narcotics operation, was unable to identify plaintiff at his criminal trial in November 2009. (Compl. ¶¶ 13-14.) The complaint does not allege any <u>facts</u> sufficient to rebut the presumption of probable cause created by the issuance of an indictment by the grand jury; plaintiff offers no facts which, even accepted as true, tend to show that his indictment was procured by fraud, perjury, suppression of evidence, or other bad faith conduct.[5]  As such, plaintiff's § 1983 malicious prosecution claim is dismissed.

    2. <u>Municipal Liability</u>

To state a claim for § 1983 municipal liability under <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978), a plaintiff must allege that "policies or customs that [were] sanctioned by the municipality led to the alleged constitutional violation." <u>Missel v. Ctny. of Monroe</u>, 351 F. App'x 543, 545 (2d Cir. 2009) (quoting <u>Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006)). A <u>Monell</u> claim can survive a motion to dismiss where the plaintiff "make[s] factual allegations that support a plausible inference that the constitutional violation took place pursuant to either a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality." <u>Missel</u>, 351 F. App'x. at 545.  "The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993) (overruled

---

[5] The Court notes that plaintiff failed to address this argument in his opposition despite spending several pages of his brief on defendants' alternative grand jury immunity argument (<u>see</u> Opp. at 6-10), which the Court need not reach for purposes of the instant motion.

on other grounds); see also Weir v. City of New York, No. 05 Civ. 9268 (DFE), 2009 WL 1403702, at *1 (S.D.N.Y. May 19, 2009).

Plaintiff's complaint is light on facts and heavy on conclusory language—he alleges that the City has "tolerated and permitted a pattern of illegal action against citizens, and [has] failed to maintain an unbiased system for review and discipline of these violations by police officers . . . ." (Compl. ¶ 20.)  In the section of the complaint dedicated to his Monell claim, plaintiff recites the legal elements rather than alleging any additional facts. (Id. ¶¶ 55-58.)  Not only does plaintiff allege facts related to a single incident, which is insufficient to establish Monell liability,[6] but the allegations in the complaint are the kind of boilerplate allegations that are not entitled to a presumption of truth on a Rule 12(b)(6) motion to dismiss.  See Iqbal, 556 U.S. at 678; see also Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011).  Plaintiff's § 1983 claim against the City of New York under Monell is therefore dismissed.

### 3. Other Federal Claims

Plaintiff's other federal claims arising out of his January 3, 2008 arrest, false arrest and false imprisonment, are time barred because plaintiff filed the instant action outside of the applicable statute of limitations period of three years.  See, e.g., Kevilly v. New York, 410 F. App'x 371, 378 (2d Cir. 2010).  The latest date on which plaintiff's remaining § 1983 claims would have accrued would have been on February 7, 2008—the day after plaintiff was arraigned in his criminal case.  See

---

[6] See, e.g., Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (noting that "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy").

Wallace v. Kato, 549 U.S. 384, 388 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")  At the latest, the limitations period on these claims expired on February 7, 2011, more than a year and a half before plaintiff filed this action.  Beyond a single unsupported assertion that his claims are timely, plaintiff does not contest or otherwise address this issue in his opposition.  (Opp. at 10.)  Plaintiff's remaining § 1983 federal claims are thus dismissed.

     4.  New York Law Claims

     Under New York law, a plaintiff asserting state law tort claims against New York municipal entities or their employees acting within the scope of their employment must file a notice of claim within ninety days of the incident giving rise to the claim.  N.Y. Gen. Mun. L. §§ 50-e, 50-i.  Failure to comply with these provisions generally results in dismissal.  See Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999) ("Notice of claim requirements are construed strictly by New York state courts.  Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action.") (citations and internal quotation marks omitted).  Plaintiff's complaint does not allege that he filed such a notice of claim, defendants allege that he did not (see Motion at 16), and plaintiff does not contest this issue (see Opp. at 10).  Accordingly, plaintiff's New York claims are also properly dismissed.

7

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED in full. The Clerk of Court is directed to close the motion at ECF No. 8, to remove Exhibit A to the Declaration of William T. Martin (ECF No. 14-1) from the public docket, and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            November 21, 2013

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge